UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEO THOMAS,

    Plaintiff,

v.                                              Case No.  8:20-cv-2849-SPF

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). After reviewing the administrative record and the parties' arguments, the undersigned finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 216-19). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 96-107, 109-122). Plaintiff then requested an administrative hearing (Tr. 179-80). Per Plaintiff's request, the Administrative Law Judge ("ALJ") held a hearing at which Plaintiff appeared and testified (Tr. 49-94). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 24-43). Subsequently, Plaintiff requested review from the Appeals Council (Tr. 211),

which the Appeals Council denied (Tr. 1-4). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff was born on March 28, 1963 and claims disability beginning December 17, 2015 (Tr. 216). She has a high school education (Tr. 307). Plaintiff's past relevant work experience was as a Food Service Supervisor with the school system (Tr. 307). Plaintiff alleged disability due to "open heart surgery, gastro bypass surgery, high blood pressure, no stomach, ulcers, hiatal hernia, and thyroid removed." (Tr. 306).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2021 and had not engaged in substantial gainful activity since December 17, 2015, her alleged onset date (Tr. 26). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obesity, hypertension, osteoarthritis, atrial myxoma status resection, gastroparesis, history of gastric bypass converted to sleeve, fifth metatarsal fracture, and anemia (*Id.*). Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 28). The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b). She could occasionally lift or carry twenty pounds and frequently lift or carry ten pounds. She could sit for a period of six hours, stand for a period of six hours, and walk for a period of six hours. She could push/pull as much as she can lift/carry. She could occasionally

climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently balance, occasionally stoop, kneel, crouch, and crawl. The claimant could have frequent exposure to unprotected heights and moving mechanical parts. She could have frequent exposure to dust, odors, fumes and pulmonary irritants, and frequent exposure to extreme cold and heat (Tr. 29). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 29-30).

Considering Plaintiff's impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as a Food Services Supervisor DOT 319.137-010 (Tr. 39). Additionally, the ALJ made alternative findings at step five, finding that "[i]n addition to past relevant work, there are other jobs that exist in significant numbers in the national economy that the claimant also can perform, considering the claimant's age, education, work experience, transferable skills, and residual functional capacity" (Tr. 39). Specifically, the ALJ found that Plaintiff, who was 52 years old on her alleged onset date, was defined as an "individual closely approaching advanced age," but subsequently changed age categories to "advanced age" upon turning 55 on March 28, 2018 (Tr. 39-40). Noting that Plaintiff has "acquired work skills from past relevant work," the ALJ found that she could also perform the job of Short Order Cook, DOT 313.374-014 (Tr. 40). Advancing to step five, the ALJ found that in

addition to her past relevant work and transferable skills work, Plaintiff could also perform other jobs that existed in significant numbers in the national economy prior to her 55th birthday. Specifically, because the ALJ had found that Plaintiff's ability to perform the full range of light work was impeded by additional limitations, the ALJ asked the vocational expert ("VE") whether jobs existed in the national economy for an individual with Plaintiff's age, education, work experience, and RFC (*Id.*). Relying on the VE's testimony, the ALJ identified the jobs of Small Parts Assembler, DOT 706.684-022; Electronics Worker, DOT 726.687-010; and Cashier II, DOT 211.462-010 (Tr. 40-41). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled from December 17, 2015, through the date of the decision (December 26, 2019) (Tr. 41). In reaching this finding, the ALJ noted that "[i]f claimant had the residual functional capacity to perform the full range of light work prior to her 55th birthday, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.14" (Tr. 41).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)

(internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

Plaintiff argues that the ALJ failed to properly evaluate medical opinion evidence and thus relied on a response from a vocational expert to an incomplete or vague hypothetical. Specifically, Plaintiff contends that despite finding the opinion of a state agency medical consultant "persuasive," the ALJ failed to include her environmental limitations in the hypothetical to the VE, thus her hypothetical posed to the VE was incomplete. In response, the Commissioner asserts that the ALJ properly evaluated Plaintiff's RFC and included a limitation to "only frequent exposure to dust, odors, fumes and pulmonary irritants, and frequent exposure to extreme cold and extreme heat" (Tr.

29-39). Moreover, the Commissioner submits that even if the ALJ had erred in finding that Plaintiff could perform her past relevant work, such error was harmless since the ALJ advanced to step five and identified three jobs Plaintiff can perform given her RFC and vocational factors (Tr. 40-41). For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

In the decision, the ALJ found the state agency medical consultant's opinion that the claimant is capable of light work, with frequent postural limitations, and environmental limitations "persuasive because the consultant supports his opinion with specific citation to the medical evidence in the record" (Tr. 38). The ALJ then included environmental limitations in her RFC. Specifically, the ALJ included the following environmental limitations in the RFC: She could have frequent exposure to dust, odors, fumes and pulmonary irritants, and frequent exposure to extreme cold and heat (Tr. 29). While Plaintiff argues that the ALJ erred by basing her disability finding on a flawed RFC and flawed VE hypothetical that failed to include the state agency physician's *specific* environmental limitations, her argument fails.[1] In the end, a claimant's RFC is a formulation reserved for the ALJ, who, of course, must support his or her findings with substantial evidence. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c); *Beegle v. Comm'r of Soc. Sec. Admin.*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the

---

[1] At the administrative hearing, the ALJ's hypothetical contained the following environmental restrictions that mirror the RFC in her decision: "Environmental limitations would include frequent exposure to unprotected heights; moving mechanical parts; dust, odors, fumes, and pulmonary irritants; extreme cold; and extreme heat." (Tr. 83).

matter will be considered, it is not dispositive."); *Cooper v. Astrue*, 373 F. App'x 961, 926 (11th Cir. 2010) (the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor").  As the Commissioner states, the ALJ properly evaluated Plaintiff's RFC and determined Plaintiff should be limited to "frequent exposure to dust, odors, fumes and pulmonary irritants, and frequent exposure to extreme cold and heat" (Tr. 29).  The ALJ is not required to adopt the limitations of any particular medical source.  *See Bullard v. Comm'r of Soc. Sec. Admin.*, No. 8:19-cv-289-T-23MCR, 2020 WL 3668792, at *6 n.10 (M.D. Fla. Feb. 20, 2020) ("[T]he ALJ's RFC assessment did not need to mirror or match the findings or opinions of any particular medical source because the final responsibility for assessing the RFC rests with the ALJ."); *Kopke v. Astrue*, No. 8:11-CV-1197-T-30TGW, 2012 WL 4903470, at *5 (M.D. Fla. Sept. 26, 2012) (same).

Moreover, Plaintiff has not met her burden of proving she cannot perform her past relevant work as a Food Service Supervisor.  Per the DOT, the Food Services Supervisor job requires only "occasional" exposure (defined as "up to 1/3 of the time") to extreme cold or extreme heat.  *See* DICOT 319.137-010, 1991 WL 672759.  Plaintiff has not argued that she is incapable of performing a job that only requires occasional exposure to extreme cold or heat.  The ALJ's RFC and her hypothetical to the VE restrict Plaintiff to "frequent" exposure to environmental hazards.  Per SSR 83-10, "frequent means occurring from one-third to two-thirds of the time" and "occasionally means occurring from very little up to one-third of the time."  1983 WL 31251 (1983).  At least one other court in this district has addressed the terms "concentrated exposure" and "frequent." *Sorenson v. Berryhill*, No. 8:16-cv-3500-T-DNF, 2018 WL 1225106, at *5 (M.D. Fla. March 9, 2018).  The *Sorenson*

court opined that the "DOT does not define 'concentrated exposure' which pertains to the level of exposure, whereas terms such as 'frequent' and 'constant' refer to frequency and are defined in the DOT." *Id.*; *see also Young v. Berryhill*, No. 2:16-cv-112, 2017 WL 6352756, at *6 (N.D. W. Va. Dec. 13, 2017) (finding that concentrated exposure means more than occasional exposure and noting that "the DOT confirms that activities involving any type of heat are minimal and certainly do not involve concentrated exposure to extreme heat"). The *Young* court concluded that the claimant—whose RFC restrictions included avoidance of concentrated exposure to extreme cold and extreme heat—was not precluded from performing a DOT job that involved occasional (very little to 1/3 of the day) exposure to extreme heat. *Id.* Similarly, this Court concludes that the ALJ's hypothetical is supported by substantial evidence, and that Plaintiff has not met her burden of proving she cannot perform her past relevant work as a Food Service Supervisor.

      The Court also notes that when an ALJ has committed error at step four, it may be harmless error if her alternative finding at step five is correct. *See generally Holder v. Berryhill*, No. 4:17-CV-318-VEH, 2018 WL 1857061, at *5 (N.D. Ala. April 18, 2018) ("Even if the ALJ did err at Step Four, that error was harmless because he made a proper Step Five determination."); *Frizzio v. Astrueas*, No. 6:11-cv-1318-Orl-31TEM, 2012 WL 3668049 (M.D. Fla. Aug. 7, 2012) ("When an ALJ has committed error at step four, it may be harmless error if her alternative finding at step five is correct."); *but see Mann v. Comm'r of Soc. Sec.*, No. 6:12-cv-1276-Orl-GJK, 2013 WL 4734822, at *3 (M.D. Fla. Sept. 3, 2013) ("In the absence of a correct alternative finding at step five, the Court finds that the ALJ's error at step four is not harmless."); *Shortridge v. Astrue*, No. 1:11-cv-71-MP-

GRJ, 2012 WL 1598012, at *7 (N.D. Fla. April 3, 2012) (finding error at step four was not harmless because the ALJ did not make an alternative finding at step five).  Here, after finding Plaintiff could perform her past relevant work, the ALJ made an alternative finding at step five that Plaintiff can perform other jobs that exist in significant numbers in the national economy (Tr. 40).  Namely, the ALJ found Plaintiff can perform the jobs of Small Parts Assembler, DOT 706.684-022; Electronics Worker, DOT 726.687-010; and Cashier II, DOT 211.462-010 (Tr. 40-41) (*Id.*).  Per the DOT descriptions, "extreme heat" and "extreme cold" are "activit[ies] or condition[s]" that "do[ ] not exist" and are "not present" for these jobs.  *See* 1991 WL 679050 (Assembler, Small Parts); 1991 WL 679633 (Electronics Worker); 1991 WL 671840 (Cashier II).   Plaintiff has not shown that she in incapable of performing these jobs.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 28th day of March 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

10